STATE OF NORTH CAROLINA v. LORENZO JOHNSON

No. 824SC1142

(Filed 5 July 1983)

**Robbery § 5.2— armed robbery conviction—failure to instruct on "mere presence"**

In a prosecution for armed robbery, the trial court erred in failing to instruct on "mere presence" by the defendant, and the jury was left without judicial guidance as to how to weigh and evaluate the presence of the defendant at the scene of the crime charged.

APPEAL by defendant from *Brown, Judge.* Judgment entered 30 June 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 14 April 1983.

Defendant was indicted for two factually similar armed robberies committed the same evening.

At trial the State presented evidence tending to show that on the evening of 30 January 1982, defendant with Donnell Hawkins and Carlos Thomas was riding around in Hawkins' father's automobile. After picking up a Marine and transporting him to Jacksonville in return for $5.00, Hawkins parked the car at a nightclub and the three men walked across the highway and entered a field. When a Marine crossed the field in which they were standing, Thomas pulled out a knife and robbed the Marine of his wallet. Hawkins was standing behind the Marine with his finger in the Marine's back and defendant was standing in front of the Marine. After Thomas searched the wallet, the three men drove back toward Jacksonville.

They then went to the Jacksonville bus station where they met Tyrone Lewis, a co-defendant whose case was consolidated with defendant's case for trial. Thomas, Lewis and defendant went into the bus station and came back to the car with Marine James Greathouse, Jr. who wanted a ride back to the base. Hawkins drove, Thomas sat on the passenger side in front, and Lewis and the defendant sat on each side of Greathouse in the back seat. At some point, Thomas pulled out a knife and asked Greathouse to hand him his money. After Greathouse handed over his money, he was put out on the street.

The four men then returned to the Jacksonville bus station where Thomas, Lewis and the defendant again went in, shortly

returning to the car with another Marine, David C. Polk, who needed a ride to the base. The seating arrangement was identical to that in the immediately preceding robbery. Polk was robbed and then put out of the car in the same fashion as Greathouse.

Defendant and his three companions returned again to the same bus station and repeated the sequence of events except that the car was stopped by law enforcement officers before the fourth Marine had been robbed.

At the end of the State's evidence, the co-defendants moved for a dismissal on both counts of armed robbery. The trial court granted the motion as to the count of armed robbery of James Greathouse, Jr., but denied the motion as to the count of armed robbery of David C. Polk.

The jury found defendant guilty of armed robbery of David C. Polk but found co-defendant Tyrone Lewis not guilty of the Polk armed robbery.

From judgment entered pursuant to that verdict, defendant appealed.

*Attorney General Edmisten by Associate Attorney John R. Corne, for the State.*

*Ellis, Hooper, Warlick, Waters and Morgan, by Charles H. Henry, Jr., for defendant-appellant.*

EAGLES, Judge.

Defendant's appeal raises two assignments of error. First, defendant asserts that the trial court erred when it refused to grant defendant's motion to dismiss the count charging armed robbery of David Polk, because the evidence was insufficient to allow its submission to the jury. Defendant also argues that the trial court erred in its refusal to give a jury instruction that defendant's "mere presence at the scene of the crime, even though he is in sympathy with the criminal act and did nothing to prevent its commission, does not make him guilty of the offense." We hold that the State presented sufficient evidence for the jury to determine whether defendant participated in the armed robbery of David Polk. However, we hold that the trial court should have given defendant's requested instruction on "mere presence,"

and that failure to do so here was reversible error. While the jury's different verdict of "not guilty" for the co-defendant Lewis in the joint trial may be an indication that the jury distinguished between mere presence and active participation in the crime, it is not a sufficient basis on which to excuse the failure to instruct in this case.

Donnell Hawkins, a co-defendant, pleaded guilty and became a witness for the State. He testified that, in the armed robbery of David Polk on 30 January 1982, the defendant and two others went into the bus station and returned to the car escorting Polk. Polk sat between the defendant and another man in the back seat from the time he entered the automobile at the bus station until the time he was forced out of the car after being robbed. Hawkins also testified that the defendant had asked Polk, after Polk had handed over his wallet to Thomas, "what else you got?"

The victim, David Polk, testified that during the robbery one of the men in the back seat with him asked if he had anything else on him. Defendant was seated in the back seat at the time.

The law is well established that "mere presence, even with no effort to prevent the crime, or even with silent approval of or sympathy with the criminal, or even with the intention of assisting, cannot be said to be aiding and abetting unless the intention to assist, if necessary, is in some way communicated to the actual perpetrator of the crime, or unless the person present is a friend of the perpetrator and knows that his presence will be regarded by the perpetrator as an encouragement and protection." 4 N.C. Index 3d, Criminal Law § 9.1; *State v. Moses*, 52 N.C. App. 412, 279 S.E. 2d 59 (1981); *State v. Brown*, 300 N.C. 41, 265 S.E. 2d 191 (1980).

In the case *sub judice*, in the absence of a "mere presence" instruction, the jury was left without judicial guidance as to how to weigh and evaluate the presence of the defendant at the scene of the crime charged. Admittedly the jury reached differing verdicts for the defendant and co-defendant Lewis on very similar evidence. We believe we may not reliably conclude from the differing results that the jury was able to properly differentiate and distinguish between the very similar misconduct of the defendant and co-defendant, nor may we conclude therefrom that the jury

was properly able to evaluate the evidence correctly without the aid of an instruction on "mere presence."

For the above reasons we

Reverse and remand.

Judges WELLS and BECTON concur.